UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-713-H

SÜD-CHEMIE INC.                                                            PLAINTIFF

V.

J. L. BECKER CO., INC.                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Süd-Chemie, Inc., brought suit in the Western District of Kentucky against Defendant, J. L. Becker, Co., Inc., alleging breach of contract and breach of warranty arising out of the purchase of an industrial furnace. Defendant has now moved to change venue to the Eastern District of Michigan pursuant to F.R.C.P. 1404(a). Defendant has filed a related action in the Eastern District of Michigan against The Furnace Belt Company ("FBC"), which sold some of the allegedly defective furnace parts to Defendant.

I.

The dispute arises from a contract between the parties for the sale and installation of a continuous mesh belt furnace. In February 2006, Defendant installed the furnace in Plaintiff's facility in Kentucky. Plaintiff alleges that Defendant did not build the furnace according to the contract specifications and that this damaged Plaintiff. Plaintiff alleges, among other things, that the roof of the furnace collapsed.

Plaintiff, a Delaware corporation, has its principal place of business in Louisville, Kentucky. Defendant, a Michigan corporation, has its principal location in Plymouth, Michigan.

Neither party disputes that both jurisdiction and venue are proper in this Court.

II.

Change of venue is authorized pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Change of venue motions require a two-part analysis. *Rutherford v. Goodyear Tire and Rubber Co.*, 943 F.Supp. 789, 791 (W.D. Ky. 1996). First, whether Plaintiff could have brought this action in the Eastern District of Michigan. Second, whether change of venue would facilitate the "convenience of the parties and witnesses" and serve "the interests of justice." Here, Plaintiff could have brought the action in the Eastern District of Michigan. Thus, only the second question requires extensive study.

Inconvenience arises inevitably from the fact of parties and witnesses being located in different places. Defendant correctly argues that its employees are located in Michigan and that its manufacturing processes are located in Michigan. As an added benefit, Defendant notes that the Eastern District of Michigan would also be more convenient for FBC. Naturally, Defendant finds it more convenient to litigate in the Eastern District of Michigan.

On the other hand, Plaintiff, being located in Kentucky, finds it more convenient to litigate here. Moreover, the furnace itself and Plaintiff's employee who used it, are each located in Kentucky. Defendant has presented no evidence that the convenience of the parties and witnesses would be better served, on the whole, by a move to the Eastern District of Michigan.

That Defendant has chosen to institute an indemnity action arising from the same facts in the Eastern District of Michigan is not dispositive. Plaintiff's claims against Defendant here are

broader than the indemnity claim.  For instance, Plaintiff claims damages resulting from Defendant's failure to construct adequate supports for the roof of the furnace. These claims may be outside the indemnity action.  Moreover, Defendant has not persuaded the Court either that the two cases cannot be decided separately or that the likelihood of injustice against FBC requires transfer to Michigan.  Simply put, Defendant has not presented sufficient evidence to warrant a transfer.

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant's motion to change venue is **DENIED**.

cc:     Counsel of Record